## VALLEY POULTRY & EGG CO., Inc., v. COLE.

### No. 3365.

Court of Civil Appeals of Texas. El Paso.
April 16, 1936.

Rehearing Denied May 7, 1936.

Sam B. Gillett, of El Paso, for appellant.

Coyne Milstead and W. H. Fryer, both of El Paso, for appellee.

WALTHALL, Justice.

Appellee sued appellant to recover for a large truckload of eggs ordered by appellant to be delivered to appellant at El Paso on the 18th or 19th day of February, 1935, and agreed to pay for same at $7.40 per case, delivered in El Paso, the cases in which the shipment was made to be returned to appellee. On the time agreed upon appellee shipped to appellant in a large truck 215 cases of eggs, and tendered same to appellant, who refused to accept them at the price agreed upon in the shipment contract. Thereafter appellant accepted 40 cases of the eggs at the price agreed upon, but refused to accept the remaining 175 cases, which appellee sold to others at $6 per case.

This suit is to recover the difference between the contract price of the eggs and the price at which they were sold.

Appellant answered to the amended petition by demurrers, general and special, general denial, special denials to the effect that, having bought eggs of appellee on former occasions, he knew the capacity of appellee's truck to be between 40 and 50 cases of eggs, and that it was its intent and purpose to order such kind of truckload of eggs, of which appellee well knew. Appellant alleges that in accepting and paying for the 40 cases it fully discharged its contract.

On special issues submitted the jury found: The parties entered into an agreement whereby appellee was to deliver to appellant at the time stated a large truckload of eggs at the price of $7.40 per case; it was mutually understood and contemplated by the parties that such truckload of eggs might include as many as 215 cases; $6 by the case was the market value of eggs at El Paso at the time the eggs were tendered to appellant; in placing the order for the eggs, appellant did not intend that the truckload of eggs would not exceed 40 or 50 cases; it was not understood and agreed between the parties that a full and complete settlement of all differences between them would be made by appellant accepting and paying for 40 cases of the eggs; appellee used reasonable diligence in obtaining the highest price possible at the time same were sold for the eggs rejected by appellant.

On the verdict the court entered judgment for appellee for $245, with interest from date of judgment.

The court overruled appellant's motion for a new trial, and appellant appeals.

The case was tried on appellee's amended petition and appellant's answer thereto. In the original petition it is alleged that appellee shipped "a truck load of eggs," and in the amended petition it is alleged he shipped "a large truck load of eggs."

The object of an amendment is to add something to, or withdraw something from, that which has been previously pleaded. Appellant's general demurrer was directed to the amended petition. The court permitted the filing of the amendment, and no objection was made to appellee's amending the petition. The amendment sufficiently stated the fact that appellee shipped to appellant a large truckload of eggs. In testing the sufficiency of the amended petition by demurrer, it is immaterial what the original or former petition alleged, since the demurrer is directed to the amendment. The amended petition was sufficient as to the matter pointed out by the demurrer.

Other propositions question the sufficiency of the evidence to sustain the jury's findings.

We have carefully reviewed the evidence, and have concluded that it is sufficient.

The points submitted are overruled.

The case is affirmed.